## Commonwealth ex rel. v. Crisara.

*Parent and child—Custody of child—Infants—Habeas corpus—Marriage of father with first cousin—Extra-territorial marriage—Act of June 24, 1901.*

1. A child seven years of age, whose mother is dead, will be continued in the custody of a relative, with whom he had lived for about five years, and whose moral fitness and pecuniary ability stand unquestioned, where it appears that his father, who claimed the boy, had married after his first wife's death in this State his first cousin, who was also a divorced woman.

2. In such case, it is immaterial that the father and his second wife had subsequently resorted to an extra-territorial marriage ceremony in order to legalize their married status.

Act of June 24, 1901, P. L. 597, considered.

*Habeas corpus* for the custody of a child. C. P. Lackawanna Co., Nov. T., 1921, No. 543.

*C. Wing,* for relator; *F. P. Badger,* for respondent.

NEWCOMB, J.—The child in question, aged about seven years, is the son of Frank Spitzman and his former wife, now dead. Since the mother's death, some five years ago, he has had his home with respondent and other relatives in Mayfield, this county. The father lives in Luzerne County, with a woman whom he married in 1919. She was the divorced wife of a former husband. The hearing on this writ was had Oct. 20th, when the fact was disclosed that she and Spitzman are "of kin of the degree of first cousins," which puts their marriage under the ban of the law: Act of June 24, 1901, P. L. 597.

To obviate any adverse criticism to which that circumstance might give rise in the premises, they have in the meantime, viz., on Oct. 27th, journeyed to Binghamton, where they had another marriage ceremony performed at the hands of a local magistrate. This is made to appear to have been done on the advice of a lawyer in that city, to the effect that such degree of relationship between the parties is no bar to their marriage under the law of New York State. It is not disputed that what they had in mind was to avail themselves of the benefit of Schofield v. Schofield (No. 1), 51 Pa. Superior Ct. 564.

Conceding that their relations have thus been clothed with the ægis of technical legality, yet the incident carries the somewhat sinister suggestion of conscious purpose to evade the law of their domicile.

The Act of 1901, prohibiting such marriages, was a valid exercise of the police power of the Commonwealth. It gave authoritative expression to the policy of our law upon a matter of domestic status. As such, it is entitled to the decent respect and obedience of all those who choose to live here. While relator's personal immunity may have been consulted by resorting to an extra-

Commonwealth ex rel. *v.* Crisara.

territorial marriage ceremony, in the circumstances of the case, the expedient does not reflect a high sense of domestic obligation on his part. As between his home and that of respondent's—whose moral fitness and pecuniary ability stand unquestioned—it is believed the best interest and permanent welfare of the child would not be advanced by disturbing the present custody.

The writ is accordingly dismissed.

From William A. Wilcox, Scranton, Pa.